GAUDIN, Judge,
dissenting.
I respectfully dissent, being of the opinion that the divorce judgment based on alleged post-separation adultery was far from being legally sufficient.
The two alleged acts of adultery occurred on May 14 and 21, 1995 within brief time periods. Both Mrs. Patricia Arnoult and her friend not only denied that any adultery had taken place but both explained and detailed what had actually transpired.
In finding adultery, the trial judge relied exclusively on the testimony of two hired private investigators, who had no supporting photographs, video, etc.
In one incident, investigators placed Mrs. Arnoult and her friend in an automobile, where Mrs. Arnoult and her friend admitted kissing and hugging for an hour and a half. In the second incident, Mrs. Arnoult and her friend were together in his apartment for approximately two hours after leaving a Taco Bell restaurant. Both Mrs. Arnoult and her friend said they ate dinner and then started to watch television before the friend fell asleep. Mrs. Arnoult then left and drove home, she said.
While a trial judge’s factual conclusions are entitled to substantial weight, there is clear reversible error in this case.